UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY WEBB, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN, M.W. AND C.W.** | CIVIL ACTION |
| | NO. 2:22-CV-2258 |
| V. | SECTION: "   " (   ) |
| **NICHOLAS CAREY, MICHELS POWER, INC., AND GREENWICH INSURANCE COMPANY** | |

### NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, come Defendants, Nicholas Carey (erroneously identified as "Joseph N. Carey"), Michels Power, Inc., and Greenwich Insurance Company; who, remove the action entitled "*Corey Webb, Individually and on behalf of his minor children, M.W. and C.W. v. Joseph N. Carey, Michels Power, Inc. and Greenwich Insurance Company*", Suit No. C-2022-1768, Division B, filed in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*. In support thereof, Defendants aver as follows:

1.

On June 21, 2022, the above-entitled action was commenced by Corey Webb, Individually and on behalf of his minor children, M.W. and C.W. ("Plaintiff") in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana. Plaintiff's Petition for Damages names Joseph N. Carey, Michels Power, Inc., and Greenwich Insurance Company as Defendants.

2.

Defendants, Michels Power, Inc. and Greenwich Insurance Company were served with Plaintiff's Petition for Damages on July 1, 2022. Defendant, Nicholas Carey, who was requested

to be served via Long Arm Service, agreed to waive formal service on July 13, 2022. Plaintiff alleges in his Petition that Plaintiff's damages exceed $75,000.00 (Petition, ¶9). Thirty (30) days have not elapsed since July 1, 2022; thus, removal is timely, pursuant to 28 U.S.C. § 1446(C).

3.

In accordance with the provisions of 28 U.S.C § 1446(a), Defendants attach as Exhibit "A" a true and correct copy of all process, pleadings, and orders filed in that matter entitled "*Corey Webb, Individually and on behalf of his minor children, M.W. and C.W. v. Joseph N. Carey, Michels Power, Inc. and Greenwich Insurance Company*"; Suit No. C-2022-1768, Division B, filed in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana

## Diversity of Citizenship Jurisdiction

### Diversity of Citizenship

4.

Upon information and belief, Plaintiff, Corey Webb, and his minor children, M.W. and C.W. are domiciled in the State of Louisiana. Therefore, upon information and belief, Plaintiffs are now and were at the time of filing of the state court action, citizens of Louisiana for diversity jurisdiction purposes.

5.

Defendant, Nicholas Carey, is a person of the full age of majority and a resident of Orange County, New York. Thus, Nicholas Carey is now and was at the time of filing of the state court action a citizen of New York, and Plaintiffs and Defendant, Nicholas Carey, have diversity of citizenship.

6.

Defendant, Michels Power, Inc. is a Delaware Corporation, with its principal place of business being Wisconsin. For purposes of diversity jurisdiction, the citizenship of a corporation is determined by a corporation is a citizen of the state of its incorporation as well as the state where it maintains its principal place of business. 28 U.S.C. § 1332. Thus, Michels Power, Inc. is now and was at the time of filing of the state court action, a citizen of Delaware and Wisconsin. Plaintiffs and Defendant, Michels Power, Inc., have diversity of citizenship.

7.

Defendant, Greenwich Insurance Company is a Delaware Corporation, with its principal place of business located in Connecticut. Thus, Greenwich Insurance Company is now and was at the time of filing of the state court action a citizen of Delaware and Connecticut. Plaintiffs and Defendant, Greenwich Insurance Company, have diversity of citizenship.

8.

Based on the allegations contained in the pleadings, there is complete diversity of citizenship.

**Amount in Controversy**

9.

28 U.S.C. § 1332(a) provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." A defendant removing on diversity grounds may prove that amount in controversy exceeds $75,000 in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in — preferably in the removal petition, but sometimes by affidavit — that support a finding of the requisite

amount." *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999) (citing *Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)*; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). Here, Plaintiffs specifically allege in their Petition for Damages their damages exceed $75,000.00 (Petition, ¶9)

10.

Although all Defendants deny liability, Plaintiffs have alleged the value of their cause of action exceeds $75,000.00. (Petition, ¶9). Because the parties are completely diverse, and it is facially apparent the amount in controversy exceeds $75,000.00, Defendants aver this court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and that said action may be removed by Defendants pursuant to the provisions of 28 U.S.C. §1441

11.

In the alternative, should this Honorable Court deem that it is not facially apparent that the amount in controversy exceeds the jurisdictional amount of $75,000.00, Defendants pray for and are entitled to present evidence establishing the amount in controversy by a preponderance of evidence. 28 U.S.C. §1446 (c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

## Procedural Requirements for Removal

12.

The Federal District Court for the Eastern District of Louisiana is the district and division embracing the 21st Judicial District Court for the Parish of Tangipahoa. Accordingly, the Federal District Court for the Eastern District of Louisiana is the proper venue for removal.

13.

In accordance with the provisions of 28 U.S.C § 1446(a), Defendants attach as Exhibit "A" a true and correct copy of all process, pleadings, and orders filed in that matter entitled ""*Corey Webb, Individually and on behalf of his minor children, M.W. and C.W. v. Joseph N. Carey, Michels Power, Inc. and Greenwich Insurance Company*", Suit No. C-2022-1768, Division B, was filed in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

15.

Defendants, Nicholas Carey, Michels Power, Inc., and Greenwich Insurance Company all consent to the removal of this action.

16.

Written notice of the filing of this Notice of Removal will be served on Plaintiff, as required by the provisions of 28 U.S.C § 1446(d).

17.

A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, as required by the provisions of 28 U.S.C § 1446(d).

**Non-Waiver of Defenses**

20.

By removing this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, Defendants do not waive and hereby reserve any available defenses.

21.

By removing this action from 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, Defendants do not admit any of the allegations in Plaintiff's Petition.

22.

Defendants, Michels Power, Inc., Greenwich Insurance Company and Nicholas Carey are entitled to, and request a jury trial on all issues herein.

**WHEREFORE**, Defendants, Nicholas Carey, Michels Power, Inc., and Greenwich Insurance Company pray that this Notice of Removal be accepted as good and sufficient, and that the aforesaid civil action be removed from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, into this Court for trial and determination as provided by law; that this Court may enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in state court in said civil action, and thereupon proceed with this civil action as if originally commenced in this Court, and that all orders and decrees necessary or appropriate and in accordance with the law in such cases be made and provided.

Respectfully submitted,

**DONOHUE, PATRICK & SCOTT, PLLC**

s/Blake A. Altazan
_____
BLAKE A. ALTAZAN (#31595), baltazan@dps-law.com
KIRK A. PATRICK, III (#19728), kpatrick@dps-law.com
CHRISTOPHER J BOURGEOIS (#27971), cbourgeois@dps-law.com
RHETT MONROE (#39990), rmonroe@dps-law.com
450 Laurel Street, Suite 1600
Post Office Box 1629
Baton Rouge, Louisiana 70821-1629
Telephone: (225) 214-1908
Facsimile: (225) 214-3551
***Counsel for Michels Power, Inc., Nicholas Carey, and Greenwich Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing list of all parties remaining in this action was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following counsel, by operation of the Court's electronic filing system, this 21st day of July, 2022

    J. Neale deGravelles
    DEGRAVELLES & PALMINTIER
    12345 Perkins Road, Building One
    Baton Rouge, LA 70810
    ndegravelles@lawbr.net

                                      /s/Blake A. Altazan
                                      Blake A. Altazan